1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEVAS MULTIMEDIA PRIVATE LTD.,

Petitioner,

v.

ANTRIX CORP. LTD.,

Respondents.

No. 2:18-cv-1360

**PETITION TO CONFIRM
FOREIGN ARBITRAL AWARD**

Petitioner, Devas Multimedia Private Ltd. ("Petitioner" or "Devas"), by and through its undersigned attorneys, hereby petitions this Court for an Order: (a) confirming the final arbitration award, dated September 14, 2015 ("Award")[1], made in its favor against Antrix Corporation Ltd. ("Respondent" or "Antrix"); (b) entering a judgment in Petitioner's favor in the full amount of the award, plus the pre- and post-award interest specified therein, post-judgment interest pursuant to 28 U.S.C. § 1961, and the fees and costs of this petition; and (c) granting such other relief as the Court deems just and proper.

---

[1] The Award is attached as Exhibit 1 to the Declaration of Elizabeth A. Hellmann in Support of Petition to Confirm Foreign Arbitral Award, dated September 13, 2018 ("Hellmann Decl."). The other exhibits referenced in this petition also are attached thereto as indicated.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## I.   PARTIES, JURISDICTION AND VENUE

1.     Petitioner is a corporation incorporated under the laws of the Republic of India ("India") with its principal place of business at First Floor, # 29/1 Kaveriappa Layout, Millers Tank Bund Road, Bangalore 560 052, India.

2.     Respondent is a corporation organized and existing under the laws of India with its principal place of business at Antariksh Bhavan, Near New BEL Road, Bangalore 560 231, India.  100% of the issued shares of Respondent are held in the name of the President of India, in his official capacity, for India's Department of Space ("DOS").  Antrix acts, and is held out as acting, as DOS's marketing arm (and is the entity through which the Indian Space Research Organisation ("ISRO") (which is itself part of DOS), engages in commercial activities).  The inter-relationship between DOS, ISRO and Antrix is depicted on the ISRO website at https://www.isro.gov.in/about-isro/organisation-structure:



PRL: Physical Research Laboratory NARL: National Atmospheric Research Laboratory NE-SAC: North Eastern Space Applications Centre SCL: Semi-Conductor Laboratory IIST: Indian Institute of Space Science and Technology ISRO: Indian Space Research Organisation Antrix: Antrix Corporation Limited VSSC: Vikram Sarabhai Space Centre LPSC: Liquid Propulsion Systems Centre SDSC: Satish Dhawan Space Centre ISAC: ISRO Satellite Centre SAC: Space Applications Centre  NRSC: National Remote Sensing Centre IPRC: ISRO Propulsion Complex IISU: ISRO Inertial Systems Unit  DECU: Development and Educational Communication Unit MCF: Master Control Facility  ISTRAC: ISRO Telemetry, Tracking and Command Network LEOS: Laboratory for Electro-optic Systems IIRS: Indian Institute of Remote Sensing

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

As depicted above, the head of the space hierarchy (and DOS) is the Prime Minister of India. At all times relevant to the dispute between Devas and Antrix, the same individual acted as the Secretary of DOS, the Chairman of ISRO, and the Chairman of Antrix.

3.       Antrix is an "agency or instrumentality of a foreign state" within the meaning of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1603(b).  Under that provision, an "agency or instrumentality of a foreign state" is an entity that is: (1) a separate legal person, corporate or otherwise; (2) an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof; and (3) is neither a citizen of a State of the United States nor created under the laws of any third country.  Antrix satisfies all of these criteria.

4.       Antrix engages in business in this district and across the United States. Among other things:

(a)       Antrix and Spaceflight Industries, which is headquartered in Seattle, WA, have an agreement to provide satellite launch services using India's PSLV rocket.[2]

(b)       Antrix and RBC Signals LLC, which is headquartered in Redmond, WA, have a worldwide agreement to provide space communications services to satellite operators. According to an RBC press release, "[a]s part of the partnership, ANTRIX antennas join the RBC global ground station network."[3]

(c)       Antrix launched earlier this year a satellite for Redmond, WA-based Planetary Resources, Inc.[4]

(d)       Antrix agreed in 2015 to launch two satellites for Colorado-based PlanetiQ.[5]

(e)       Antrix has contracted with DigitalGlobe, which has headquarters in Westminster, CO and other locations in Florida, Virginia and Washington, DC to procure certain satellite data, which is then distributed by ISRO's National Remote Sensing Centre.[6]

---

[2] Hellmann Decl. ¶ 22.
[3] Id. ¶ 23; Hellmann Decl., Exh. 20 at 3.
[4] Hellmann Decl. ¶ 24.
[5] Id. ¶ 25.
[6] Id. ¶ 26

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

(f)     Antrix also offers for sale to "international customers" "data from the constellation of Indian Remote Sensing (IRS) satellites."[7]

5.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1330(a) and 1330(b).  An agency or instrumentality of a foreign state does not enjoy sovereign immunity from the jurisdiction of the U.S. courts where, as here, a proceeding brought to confirm an arbitral award that "is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards," 28 U.S.C. § 1605(a)(6).  Here, the Award is governed by the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), a treaty in force in the United States.  *See* 9 U.S.C. § 201.  Moreover, the New York Convention applies to the Award because it (and the Devas Agreement) arise from a legal relationship that is commercial and involves foreign citizens (and foreign properties), and also involves performance abroad.  *See* 9 U.S.C. § 202.  This court has original jurisdiction over this action. *See* 9 U.S.C. § 203.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(f)(3).

## II.     THE ARBITRATION AGREEMENT

6.     As reflected in the Award, Petitioner and Respondent (the "Parties") agreed to arbitrate their disputes.

7.     More specifically, in 2005, the Parties entered into the "Agreement for the Lease of Space Segment Capacity on ISRO/Antrix S-Band Spacecraft by Devas Multimedia Pvt. Ltd. dated 28 January 2005" ("Devas-Antrix Agreement") by which Antrix agreed to build, launch and operate two satellites and to make available 70 MHz of S-band spectrum to

---

[7] *Id.* ¶ 27; Hellmann Decl., Exh. 26.

PETITION TO CONFIRM FOREIGN ARBITRAL AWARD - 4
(USDC NO.  2:18-cv-1360)

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Devas, which Devas planned to use to offer hybrid satellite and terrestrial communications services throughout India.[8]

8.    Under Article 20 of the Devas-Antrix Agreement, Antrix and Devas agreed to refer any disputes to arbitration. The agreement to arbitrate provides, in full:

**Article 20.     Arbitration**

a.    In the event of there being any dispute or difference between the Parties hereto as to any clause or provision of this Agreement or as to the interpretation thereof or as to any account or valuation or as to the rights, liabilities, acts, omissions of any Party hereto arising under or by virtue of these presents or otherwise in any way relating to this Agreement such dispute or difference shall be referred to the senior management of both Parties to resolve within three (3) weeks failing which it will be referred to an Arbit[r]al Tribunal comprising of three arbitrators, one to be appointed by each party (i.e. DEVAS and ANTRIX) and the arbitrators so appointed will appoint the third arbitrator.

b.    The seat of Arbitration shall be at NEW DELHI in India.

c.    The Arbitration proceedings shall be held in accordance with the rules and procedures of the ICC (International Chamber of Commerce) or UNCITRAL.

d.    The Arbitration Tribunal shall reach and render a decision or award in writing (concurred in by a majority of the members of the Arbit[r]al Tribunal with respect to the appropriate award to be rendered or remedy to be granted pursuant to the dispute, (including the amount that any indemnifying Party is required to pay to the indemnified Party in respect of a claim filed by the indemnified Party).

e.    To the extent practicable all decisions of the board of Arbitration shall be rendered no more than 30 (thirty) days following commencement of proceedings with respect thereto. The Arbit[r]al Tribunal shall realize its decision on award into writing and cause the same to be delivered to the Parties.

f.    Any decision or award made by the board of Arbitration shall be final, binding and conclusive on the Parties and entitled to be enforced to the fullest extent permitted by Laws and entered in any court of competent jurisdiction.

---

[8] Hellmann Decl., Exh. 3 (Devas-Antrix Agreement).

PETITION TO CONFIRM FOREIGN ARBITRAL AWARD - 5
(USDC NO. 2:18-cv-1360)

g.  Each Party to any Arbitration shall bear its own costs or expenses in relation thereto, including but not limited to such Party's attorneys' fees, if any, and the expenses and fees of the member of the Arbit[r]al Tribunal appointed by such party, provided, however, that the expenses and fees of the third member of the Arbit[r]al Tribunal and any other expenses of the Arbit[r]al Tribunal not capable of being attributed to any one member shall be borne in equal parts by the Parties.[9]

9.      The Devas-Antrix Agreement also contains a "Notices" provision in Article 23, which provides for communications via personal delivery, facsimile, or registered mail or courier.[10]  The Parties previously have effected communications consistent with this provision, including for arbitration-related matters.[11]

### III.    THE DISPUTE AND ARBITRATION

10.     For over five years, Devas and Antrix performed in good faith under the Devas-Antrix Agreement.  Among other things, in May 2009, Dr. Appanna Bhaskarnaryana, the Director of the Satellite Communications Program Office of ISRO, spent four to five weeks in the United States with Devas personnel meeting with Hughes Networks, Sirius XM, SkyTerra, Qualcomm and ICO North America to understand the technologies used by, and operation of, hybrid satellite-terrestrial operators providing telecommunications services.[12]

11.     Devas subsequently conducted experimental trials in India (attended by Antrix officials, including the then-Chairman of Antrix), Chengdu and Beijing, China, and Stuttgart, Germany, which successfully demonstrated the hybrid satellite-terrestrial systems and end-user terminals that Devas had developed in conjunction with a global network of leading technology players such as Alcatel Lucent.[13]

---

[9] *Id.*, Art. 20.
[10] *Id.*, Art. 23.
[11] Hellmann Decl. ¶ 7 & Exhs. 5, 6, 7.
[12] Hellmann Decl. ¶ 28.
[13] Hellmann Decl., Exh. 1 (Award), ¶¶ 85-87, 108.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

12.     Then, in February 2011, Antrix unlawfully repudiated the Agreement with Devas, destroying Devas's business.[14]  Disclosures made by Antrix in the course of the arbitration revealed that (unbeknownst to Devas) on June 30, 2010, DOS had written a note to the Space Commission, another part of the Indian space hierarchy (see graphic above), concerning termination of the Devas-Antrix Agreement.  "The course of action proposed by the note (which was described as being the 'inevitable' course) was . . . to annul the [Devas-Antrix] agreement.  When the Space Commission met on 2 July 2010 it agreed to that course."[15]

13.     DOS then obtained legal advice from the Additional Solicitor General of India who advised that:

> [i]t is always advisable that in the present case, instead of the Department of Space taking a decision to terminate, it would be more prudent that a decision is taken by the Government of India, as a matter of policy, in exercise of its executive power or in other words, a policy decision having the seal and *approval of the Cabinet* and duly gazetted as per the Business Rules of the Government of India.  That would give a greater legal sanctity to the decision to terminate the contract in as much as the contractual provisions expressly stipulate that for the force majeure event, to disable one of the parties to perform its obligations under the contract, the act must be an act by the governmental authority acting in its sovereign capacity.[16]

14.     Subsequently, as directed, DOS requested approval from the Cabinet – specifically, the Cabinet Committee on Security ("CCS") – to annul "forthwith" the Devas-Antrix Agreement, and the CCS gave its approval.[17]

15.     On February 25, 2011, Antrix issued a termination notice to Devas, which stated, among other things:

> The policy decision of the Central Government acting in its sovereign capacity is the event of force majeure which has occurred on 23rd February 2011.  The force majeure commenced on 23rd February 2011.  The scope and duration of the said decision cannot be anticipated.  It is likely to be indefinite.  It is not possible for Antrix to take any effective step to resume the obligations under the Agreement.  The event of force

---

[14] *Id.*, ¶ 327.
[15] *Id.*, ¶¶ 109, 112.
[16] *Id.*, ¶ 116 (emphasis added).
[17] *Id.*, ¶¶ 124-25.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

majeure is beyond the reasonable control of Antrix and is clearly covered by Article 11(b) of the Agreement, and, in particular, 11(b)(v) "… act of government authority in its sovereign capacity ...".  Any possibility of resumption of obligations by Antrix under the [Devas-Antrix] Agreement stands excluded.  The subject Agreement, No. ANTX/203/DEVAS/2005 dated 28th January 2005, therefore, is terminated with immediate effect.[18]

16.     Devas disputed Antrix's repudiation of the Devas-Antrix Agreement and sought to conduct discussions among senior management as contemplated by that Agreement.[19] Antrix, however, failed to negotiate within the contractually-stipulated timeframe.[20]

17.     In June 2011, Devas commenced arbitration proceedings under the Rules of Arbitration of the International Chamber of Commerce ("ICC") in force from January 1, 1998 ("ICC Rules"), seeking to enforce its rights under the Agreement.[21]  A panel of three arbitrators was formed under the auspices of the ICC.  Dr. Michael Pryles acted as Chair, and Mr. V. V. Veeder, Q.C. and Dr. Adarsh Sein Anand (former Chief Justice of the Indian Supreme Court) acted as co-arbitrators (the "Tribunal").

18.     Antrix initially refused to participate in the arbitration and, on the eve of what was to be an uncontested hearing, obtained an injunction from the Indian Supreme Court enjoining the arbitration.[22]

19.     After one year, the Indian Supreme Court lifted the injunction, allowing the arbitration to proceed.  Thereafter, Antrix participated fully in the arbitration.[23]

20.     The parties fully briefed Devas's claims and Antrix's defenses in extensive written submissions to the Tribunal, including six sets of briefs, seventeen witness statements, ten expert reports and other information requested by the Tribunal.[24]

---

[18] *Id.*, ¶ 126.
[19] *Id.*, ¶ 128.
[20] *Id.*, ¶ 128, n. 177.
[21] *Id.*, ¶¶ 13, 131.
[22] *Id.*, ¶¶ 34-35.
[23] *Id.*, ¶¶ 10-11, 37.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

21.     In December 2014, the Tribunal held five days of hearings on its jurisdiction, the merits of the parties' claims and defenses, and the quantum of damages, including cross-examination of the parties' fact and expert witnesses.[25]

22.     Following the hearing, the Tribunal propounded questions to the parties, to which they responded in two additional rounds of briefing.  The parties also submitted a tally of their respective costs.[26]

### IV.     THE AWARD

23.     The Tribunal issued a final Award, which is dated September 14, 2015.[27] The Award is unanimous.[28]

24.     The ICC Secretariat transmitted the Award to both parties, through counsel, via electronic mail on September 17, 2015.  The transmittal email states that formal notification of the Award would happen by courier.[29]

25.     The Award is 101 pages long and consists of 402 separate, numbered paragraphs.

26.     The Award was made at the seat of arbitration, namely New Delhi, India.[30]

27.     After consideration of the issues, the Tribunal concluded that Antrix wrongfully repudiated the Devas-Antrix Agreement and that, contrary to Antrix's position, the

---

[24] *Id.*, ¶ 44.
[25] *Id.*, ¶¶ 41, 43, 44(f)(iv).
[26] *Id.*, ¶ 45.
[27] *Id.*, p. 96.
[28] *Id.*, ¶ 401.
[29] Hellmann Decl. ¶ 3 & Exh. 2.
[30] Hellmann Decl., Exh. 1 (Award), p. 96.

PETITION TO CONFIRM FOREIGN ARBITRAL AWARD - 9
(USDC NO.  2:18-cv-1360)

limitation of liability provision in the contract did not apply.[31]  The Tribunal then considered the damages Devas was entitled to receive under Indian law and ordered Antrix to pay:

(a)     "[$]562.5 million to Devas for damages caused by Antrix's unlawful repudiation of the Agreement";

(b)     pre-award interest on the amount above at the rate of 3-month USD LIBOR + 4% from February 25, 2011 to the date of the Award (September 14, 2015); and

(c)     post-award interest on the total of the amounts in paragraphs 27(a) and (b) above at the rate of 18% per annum until Antrix pays the Award in full (a rate that Antrix did not contest in its briefing).[32]

28.     The Award represents a complete and final determination of all claims submitted by the parties to the Tribunal.  Less than three years has expired since the date of delivery of the Award by the Tribunal to the parties.

## V.     ANTRIX HAS NOT PAID THE AWARD AND INSTEAD HAS RETALIATED AGAINST DEVAS AND ITS PERSONNEL

29.     On September 22, 2015, Devas wrote to Antrix via the address specified in Article 23 (Notices) of the Devas-Antrix Agreement, enclosing wiring instructions and requesting payment, in full, of the Award within five business days of the date of the letter, namely by September 29, 2015.[33]  Antrix did not respond.

30.     To date, Antrix has failed to pay any part of the Award.

31.     Instead, India has used its investigatory and prosecutorial processes against Devas and its officers, directors, employees, and investors.  Devas believes that these measures are retaliatory.  The measures in question include "nudg[ing]" India's criminal

---

[31] *Id.*, ¶ 312.
[32] *Id.*, ¶ 401.
[33] Hellmann Decl., ¶ 9 & Exh. 7.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Central Bureau of Investigation ("CBI") to bring criminal proceedings against Devas and

certain of its officers and employees.  As reported in the *Indian Express* just days after the

Award was issued:

> Worried over the negative impact of the US $672 million arbitration award in favour of
> Devas Multimedia and its shareholders and against ISRO's marketing arm Antrix
> Corporation, the NDA government . . . ha[s] . . . . decided to nudge the Central Bureau
> of Investigation (CBI) to speed up the ongoing criminal investigation in connection with
> the [Devas Agreement] . . . . The government hopes to prove in court that the deal was
> scrapped . . . due to illegalities and irregularities in the contract between Antrix and
> Devas. It is also likely to involve senior lawyers in the two other international
> arbitrations – under Bilateral Investment Treaties . . . . Lawyers are learnt to have told
> the Prime Minister's Office that unless a 'clear case of malafide' can be made out
> against Devas, the Antrix case for annulment of [the ICC] arbitration award will be
> weak.[34]

A "top source" in the government explained that"[t]he idea [behind the various proceedings] is

to recover from Devas the amount it hopes to earn through international arbitration."[35]  India's

CBI has been criticized in the past for acting for political purposes[36] and for being a

"handmaiden" of the government.[37]

32.     These criminal cases are being prosecuted notwithstanding the fact that

neither Antrix nor India alleged, during either the Devas-Antrix arbitration or the related treaty

---

[34] Hellmann Decl. Exh. 8 (*Antrix-Devas Deal: Government to Field Top Lawyers in Delhi High Court*, Indian Express, Oct. 9, 2015, http://indianexpress.com/article/india/india-news-india/antrix-devas-deal-government-to-field-top-lawyers-in-delhi-high-court/).

[35] Hellmann Decl., Exh. 9 (*ED moves to prosecute Devas under PMLA for FEMA violation*, Times of India, July 27, 2016, http://timesofindia.indiatimes.com/india/ED-moves-to-prosecute-Devas-under-PMLA-for-Fema-violation/articleshow/53407579.cms ("The idea is to recover from Devas the amount it hopes to earn through international arbitration.  The possible course of action may include imposition of penalty on Devas, and prosecution of the company and all its directors under PMLA, a top source said.")); *see also* Exh. 10 (*Isro's Antrix vs Devas: Countering ED probe on FEMA, multimedia firm moves Karnataka HC*, Firstpost, July 28, 2016, http://www.firstpost.com/business/antrix-devas-case-isro-may-face-1-bn-fine-for-cancelling-deal-2916004.html ("[Investigatory actions would] allow the government to recover from Devas, 'the amount [Devas/Claimants] hope[] to earn through international arbitration.'" (citation omitted)).

[36] For example, in connection with an unrelated scandal involving the grant of spectrum licenses to 2G cellular operators, the CBI charge-sheeted several individuals, including the former Chairman, Telecom Commission and Secretary, Department of Telecommunications, with criminal conspiracy and corruption for allocating spectrum at undervalue during the prior government's tenure.  A judge later lambasted the CBI's charge-sheet as "a distorted and fabricated document, based on deliberately redacted and garbled facts" and discharged the accused. Hellmann Decl., Exh. 11 (*CBI v. Shyamal Ghosh*, CBI Special Court Decision, October 15, 2015 at ¶ 278).

[37] Hellmann Decl., Exh. 12 (Vinod Rai, *CBI can't be as autonomous or independent as CAG*, Sept. 12, 2014, The Economic Times, http://articles.economictimes.indiatimes.com/2014-09-12/news/53851124_1_vinod-rai-ranjit-sinha-the-cbi).

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

arbitrations (discussed below), that Devas or its shareholders had acted improperly or illegally with respect to the Devas-Antrix Agreement.  Indeed, the allegations were raised for the first time only after the Award was issued finding Antrix liable to Devas for damages.

33.     The Award has not been modified or vacated since it was issued.  Antrix has filed a petition to set aside the Award under Section 34 of the Indian Arbitration and Conciliation Act 1996; however, the issue of which of the Delhi or Bangalore courts have jurisdiction over such proceeding is on appeal.[38]

## VI.     RELATED ARBITRAL PROCEEDINGS

34.     There are two bilateral investment treaty arbitrations that are related to the termination of the Devas-Antrix Agreement, both brought by foreign investors in Devas.

35.     The first treaty arbitration was brought by three shareholders in Devas against India under the bilateral investment treaty between Mauritius and India (the "MBIT Arbitration"); it is seated in The Hague, the Netherlands.[39]  The MBIT Arbitration was bifurcated into two phases: jurisdiction and merits, and quantum.  The MBIT tribunal issued its Award on Jurisdiction and Merits on July 25, 2016, unanimously finding, among other things, that India had denied the shareholders fair and equitable treatment when it annulled the Devas-Antrix Agreement and was therefore liable to them for compensation.[40]  Following that loss, India asked the MBIT tribunal to stay the MBIT Arbitration pending the resolution by the Indian courts of the criminal proceedings being prosecuted by India's own CBI.[41]  The MBIT tribunal denied India's request given that, among other things, India had not alleged illegality

[38] Hellmann Decl. ¶ 13.
[39] Hellmann Decl., Exh. 13 (MBIT Award) ¶¶ 1, 8, 44.
[40] *Id.*, ¶ 470, 501.  By majority, the MBIT tribunal also found that India had unlawfully expropriated the claimants' investment to a certain extent, while a dissenting arbitrator found that India's expropriation was 100% unlawful. *See id.* ¶¶ 411-425; Hellmann Decl., Exh. 14 (Dissenting Opinion of David R. Haigh).
[41] Hellmann Decl., Exh. 15 (Procedural Order No. 7) ¶ 2.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

during the jurisdiction and merits phase of the MBIT Arbitration.[42]  The hearing on quantum in

the MBIT Arbitration was held in The Hague from July 16 through 21, 2018, and the matter

presently is *sub judice*.  Separately, India moved to set aside the MBIT Award on Jurisdiction

and Merits before the Dutch courts, and those proceedings are still pending.[43]

36.     The second treaty arbitration involves Devas's German investor,

Deutsche Telekom AG ("DT," which is partially owned by the German government) against

India under the bilateral investment treaty between Germany and India (the "DT Arbitration");

it is seated in Geneva, Switzerland.[44]  Like the MBIT Arbitration, the DT Arbitration was

bifurcated into two phases:  jurisdiction and merits, and quantum.  As it had done in the MBIT

Arbitration (but this time during the first phase), India sought to introduce evidence of the

CBI's criminal charges and requested suspension of the DT Arbitration pending resolution of

those charges.[45]  The DT tribunal denied India's request to stay the proceedings and introduce

new evidence and a new objection as untimely, and further stated that even if it were timely,

India's illegality claim would be denied on the merits.[46]  Following a five-day hearing in April

2016, the DT tribunal issued a Partial Award on November 13, 2017.  The DT tribunal found

unanimously, *inter alia*, that in annulling the Devas-Antrix Agreement, India breached the fair

and equitable treatment standard of the Germany-India treaty and was liable to DT for

compensation.[47]  In reaching this conclusion, the DT tribunal found that "India acted in 'wilful

---

[42] *Id.*, ¶ 20.
[43] *Id.*, ¶ 3.
[44] Hellmann Decl., Exh. 16 (DT Award) ¶¶ 1, 10, 107.
[45] *Id.*, ¶¶ 115-116.
[46] *Id.*, ¶¶ 117-119.  The DT tribunal stated, among other things, that India had not substantiated its illegality claim, and that the criminal charge sheet "contains mere allegations that have not yet been tried, let alone upheld, in court."  *Id.* ¶ 119.
[47] *Id.*, ¶¶ 337-391.

PETITION TO CONFIRM FOREIGN ARBITRAL AWARD - 13
(USDC NO. 2:18-cv-1360)

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1
2

disregard of due process of law' through conduct 'which shocks, or at least surprises, a sense of

juridical propriety.'"[48]

3

### VII.     CONFIRMATION OF THE AWARD IN FRANCE AND THE UNITED KINGDOM

4
5

37.     The Award that Devas seeks to confirm here already has been confirmed

in the courts of France and the United Kingdom.

6
7

38.     On October 19, 2015, Devas filed an *ex parte* application to confirm the

8

Award in the High Court of Paris, France.  On October 22, 2015, the High Court granted

9

*exequatur* of the Award (*i.e.*, confirmed the Award).[49]  On February 9, 2016, Antrix challenged

10

the confirmation before the Court of Appeal of Paris.[50]  After extensive briefing, on March 27,

11

2018, the Court of Appeal affirmed the *exequatur* of the Award and ordered Antrix to pay

12

€100,000 in costs.[51]

13
14

39.     On October 16, 2015, Devas filed an *ex parte* application to confirm the

15

Award in the High Court of Justice, Queen's Bench Division, Commercial Court, in London,

16

England.  On October 26, 2015, Mr. Justice Popplewell of the High Court of Justice confirmed

17

the Award.[52]  Thereafter, on July 19, 2016, service of the English judgment under the Hague

18

Convention was initiated per English procedures; however, over two years have elapsed since

19

service was initiated, and it appears that India's Central Authority has not yet served the

20

English judgment on Antrix.

21
22

### VIII.     CONFIRMATION OF THE AWARD BY THIS COURT

23

40.     Devas repeats and re-alleges the allegations above as if fully set forth

24

herein.

25

------

26

[48] *Id.*, ¶ 389.
[49] Hellmann Decl., Exh. 17 (French decision) at 2.
[50] *Id.*
[51] *Id.*, at 8.
[52] Hellmann Decl., Exh. 18 (UK decision) at 1-2.

27

PETITION TO CONFIRM FOREIGN ARBITRAL AWARD - 14
(USDC NO. 12:18-cv-1360)

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

41.     Three separate international tribunals and nine different arbitrators have found the termination of the Devas-Antrix Agreement to have been wrongful, with one of the tribunals describing it as "conduct 'which shocks, or at least surprises, a sense of juridical propriety,'"[53] and another finding it to be "a clear breach of simple good faith" by India.[54]  The behavior of Antrix (and India) after the termination – launching retaliatory criminal proceedings and refusing to pay the Award – has been even more shocking and in more bad faith.  It is possible that this pattern will reappear while this petition is pending.

42.     This Court's test, however, is straightforward.  Section 207 of the FAA provides that "[t]he court *shall* confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention."  9 U.S.C. § 207 (emphasis added).  No *bona fide* grounds exist for the Court to refuse or defer recognition or enforcement of the Award under the New York Convention.

43.     Accordingly, pursuant to 9 U.S.C. § 207, Devas is entitled to have the Award confirmed by this Court.

WHEREFORE, Petitioner respectfully requests that, pursuant to Article III of the New York Convention, 9 U.S.C. § 207, this Court:

1.     Enter an order confirming the Award against Respondent;

2.     Enter judgment against Respondent in an amount equal to the full amount of the Award, USD $562.5 million, plus (a) pre-Award interest at 3-month USD LIBOR + 4% from February 25, 2011 to the date of the Award, (b) post-Award interest at a rate of 18% per annum, (c) post-judgment interest pursuant to 28 U.S.C. § 1961, and (d) Petitioner's fees and costs incurred in this proceeding.

3.     Grant such other relief as the Court may deem just and proper.

---

[53] Hellmann Decl., Exh. 16 (DT Award), ¶ 389.
[54] *See, e.g.,* Hellmann Decl., Exh. 13 (MBIT Award), ¶ 470.

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1  DATED this 13th day of September, 2018.

2                                    **Davis Wright Tremaine LLP**

3

4                                    By s/ Steven P. Caplow
                                        Steven P. Caplow, WSBA #19843
5                                       1201 Third Avenue, Suite 2200
                                        Seattle, WA  98101-3045
6                                       Tel: (206) 757-8018
                                        Fax: (206) 757-7018
7                                       E-mail: stevencaplow@dwt.com

8                                    **Skadden, Arps, Slate, Meagher & Flom LLP**

9                                       Elizabeth A. Hellmann, *pro hac vice* pending
                                        Tel: (212) 735-2590
10                                      Fax: (917) 777-2590
                                        E-mail: Betsy.Hellmann@skadden.com
11
12                                   *Attorneys for Devas Multimedia Private Ltd.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax