1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEVAS MULTIMEDIA PRIVATE LTD.,

Petitioner,

v.

ANTRIX CORP. LTD.,

Respondents.

No. 2:18-cv-01360

**DECLARATION OF ELIZABETH
A. HELLMANN IN SUPPORT OF
PETITION TO CONFIRM
FOREIGN ARBITRAL AWARD**

Elizabeth A. Hellmann, pursuant to 28 U.S.C. § 1746(2), declares under penalty of perjury that the following is true and accurate:

1.      I am counsel at the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, which represented Petitioner Devas Multimedia Private Ltd. ("Devas") in its arbitration against Antrix Corporation Ltd. ("Antrix").  I submit this declaration to provide documents and information to the Court in support of Devas's petition to confirm the arbitration award it obtained against Antrix.

The Arbitration and the Award

2.      Exhibit 1 hereto is a copy of the award in the arbitration between Devas and Antrix (the "Award").  On the basis of my information and belief, it is a true and full copy of the original.

HELLMANN DECLARATION IN SUPPORT OF
PETITION TO CONFIRM FOREIGN ARBITRAL AWARD - 1
(USDC NO. 2:18-cv-01360)

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

3.      Exhibit 2 hereto is correspondence from the International Court of Arbitration, International Chamber of Commerce, transmitting the Award to the parties, through counsel, via electronic mail on September 17, 2015.  The transmittal email states that formal notification of the Award would happen by courier.

4.      The parties' dispute arose out of a contract between Devas and Antrix entitled Agreement for the Lease of Space Segment Capacity on ISRO/Antrix S-Band Spacecraft by Devas Multimedia Pvt. Ltd. dated 28 January 2005 ("Devas-Antrix Agreement"). Attached hereto as Exhibit 3 is a copy of the Agreement, which, on the basis of my information and belief, is a true and full copy of the original.  Attached hereto as Exhibit 4 is a one-page amendment dated July 27, 2006.

5.      Under the Devas-Antrix Agreement, Antrix agreed to build, launch and operate two satellites and to make available to Devas 70 MHz of S-band spectrum, which Devas planned to use to provide hybrid satellite and terrestrial communications services throughout India.  After years of mutual performance under the Devas-Antrix Agreement, on February 25, 2011, Antrix issued a termination notice to Devas, thereby repudiating the Devas-Antrix Agreement and destroying Devas's business.

6.      Article 20 of the Devas-Antrix Agreement contains the parties' agreement to arbitrate.

7.      Article 23 of the Devas-Antrix Agreement contains a "Notices" provision, which provides for communications via personal delivery, facsimile, or registered mail or courier.

8.      The parties have exchanged communications consistent with Article 23, including for arbitration-related communications.  For example, on June 13, 2013, Devas sent a letter to Antrix via the address and facsimile number specified in Article 23, and notified Antrix

HELLMANN DECLARATION IN SUPPORT OF
PETITION TO CONFIRM FOREIGN ARBITRAL AWARD - 2
(USDC NO. 2:18-cv-01360)

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

that it would be amending its claim in the arbitration to withdraw its claim for specific performance of the Devas-Antrix Agreement while maintaining its claim for damages as a result of Antrix's breaches of contract.  (Devas's June 13, 2013 letter is attached hereto as Exhibit 5.)  Antrix responded on June 20, 2013 to "reject[] [Devas's] characterization that [Antrix] is in 'repudiatory breach' of the agreement."  (Antrix's June 20, 2013 letter is attached hereto as Exhibit 6.)

9.      Following the issuance of the Award, on September 22, 2015, Devas wrote to Antrix via the address specified in Article 23 (Notices) of the Devas-Antrix Agreement, enclosing wiring instructions and requesting payment, in full, of the Award within five business days of the date of the letter, namely by September 29, 2015.  (Devas's September 22, 2015 letter (without exhibits) is attached as Exhibit 7.)  Antrix did not respond.

10.      Antrix has not paid any part of the Award.

11.      Instead, following the Award, India has used its investigatory and prosecutorial processes against Devas and its officers, directors, employees, and investors. Devas believes that these measures are retaliatory.  The measures in question include "nudg[ing]" India's criminal Central Bureau of Investigation ("CBI") to bring criminal proceedings against Devas.  Exhibit 8 hereto is an article by Maneesh Chhibber entitled *Antrix-Devas Deal: Government to field top lawyers in Delhi High Court*, Indian Express, Oct. 9, 2015, http://indianexpress.com/article/india/india-news-india/antrix-devas-deal-government-to-field-top-lawyers-in-delhi-high-court/.  Among other things, it states:

> Worried over the negative impact of the US $672 million arbitration award in favour of Devas Multimedia and its shareholders and against ISRO's marketing arm Antrix Corporation, the NDA government . . . ha[s] . . . . decided to nudge the Central Bureau of Investigation (CBI) to speed up the ongoing criminal investigation in connection with the [Devas Agreement] . . . . The government hopes to prove in court that the deal was scrapped . . . due to illegalities and irregularities in the contract between Antrix and Devas. It is also likely to

HELLMANN DECLARATION IN SUPPORT OF
PETITION TO CONFIRM FOREIGN ARBITRAL AWARD - 3
(USDC NO. 2:18-cv-01360)

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1
2
3

involve senior lawyers in the two other international arbitrations – under Bilateral Investment Treaties . . . . Lawyers are learnt to have told the Prime Minister's Office that unless a 'clear case of malafide' can be made out against Devas, the Antrix case for annulment of [the ICC] arbitration award will be weak."

4

A "top source" in the government explained that "[t]he idea [behind the various proceedings] is

5

to recover from Devas the amount it hopes to earn through international arbitration."[1]

6
7

    12.    I am also exhibiting reports indicating that India's CBI has been

8

criticized in the past for acting for political purposes[2] and for being a "handmaiden" of the

9

government.[3]

10

    13.    As one of the counsel representing Devas in the arbitration, I am

11

familiar with the status of the Award in India.  The Award has not been modified or vacated

12

since it was issued.  Antrix filed a petition to set aside the Award under Section 34 of the Indian

13

Arbitration and Conciliation Act 1996 in India; however, the issue of which of the Delhi or

14

Bangalore courts have jurisdiction over such proceeding is on appeal.

15
16
17
18
19
20
21
22
23
24
25
26
27

[1]    Exhibit 9 hereto is an article entitled *ED moves to prosecute Devas under PMLA for FEMA violation*, Times of India, July 27, 2016, http://timesofindia.indiatimes.com/india/ED-moves-to-prosecute-Devas-under-PMLA-for-Fema-violation/articleshow/53407579.cms, which states: "The idea is to recover from Devas the amount it hopes to earn through international arbitration.  The possible course of action may include imposition of penalty on Devas, and prosecution of the company and all its directors under PMLA, a top source said.").  A similar article, entitled *Isro's Antrix vs Devas: Countering ED probe on FEMA, multimedia firm moves Karnataka HC*, Firstpost, July 28, 2016, http://www.firstpost.com/business/antrix-devas-case-isro-may-face-1-bn-fine-for-cancelling-deal-2916004.html ("[Investigatory actions would] allow the government to recover from Devas, 'the amount [Devas/Claimants] hope[] to earn through international arbitration.'"), is attached hereto as Exhibit 10.
[2]    For example, in connection with an unrelated scandal involving the grant of spectrum licenses to 2G cellular operators, the CBI charge-sheeted several individuals, including the former Chairman, Telecom Commission and Secretary, Department of Telecommunications, with criminal conspiracy and corruption for allocating spectrum at undervalue during the prior government's tenure.  A judge later lambasted the CBI's charge-sheet as "a distorted and fabricated document, based on deliberately redacted and garbled facts" and discharged the accused.  That decision, *CBI v. Shyamal Ghosh*, CBI Special Court Decision, Oct. 15, 2015 at ¶ 278, is attached hereto as Exhibit 11.
[3]    For example, Exhibit 12 hereto is an article by Vinod Rai entitled *CBI can't be as autonomous or independent as CAG*, The Economic Times, Sept. 12, 2014, http://articles.economictimes.indiatimes.com/2014-09-12/news/53851124_1_vinod-rai-ranjit-sinha-the-cbi.

HELLMANN DECLARATION IN SUPPORT OF
PETITION TO CONFIRM FOREIGN ARBITRAL AWARD - 4
 (USDC NO. 2:18-cv-01360)

Related Arbitrations

14.     There are two bilateral investment treaty arbitrations that are related to the termination of the Devas-Antrix Agreement, both brought by foreign investors in Devas.

15.     The first treaty arbitration was brought by three shareholders in Devas against India under the bilateral investment treaty between Mauritius and India (the "MBIT Arbitration"); it is seated in The Hague, the Netherlands.  The MBIT Arbitration was bifurcated into two phases: jurisdiction and merits, and quantum.  The MBIT tribunal issued its Award on Jurisdiction and Merits on July 25, 2016, unanimously finding, among other things, that India had denied the shareholders fair and equitable treatment when it annulled the Devas-Antrix Agreement and was therefore liable to them for compensation.  A copy of that award is attached as Exhibit 13 hereto (*see especially* ¶¶ 1, 8, 470.)[4]

16.     Following that loss, India asked the MBIT tribunal to stay the MBIT Arbitration pending the resolution by the Indian courts of the criminal proceedings being prosecuted by India's own CBI.  By Procedural Order No. 7, the MBIT tribunal denied India's request given that, among other things, India had not alleged illegality during the jurisdiction and merits phase of the MBIT Arbitration.  A copy of MBIT tribunal's Procedural Order No. 7 is attached hereto as Exhibit 15 (*see especially* ¶¶ 2, 20).  Separately, India moved to set aside the MBIT Award on Jurisdiction and Merits before the Dutch courts, and those proceedings are still pending.

17.     The hearing on quantum in the MBIT Arbitration was held in The Hague from July 16 through 21, 2018, and the matter is *sub judice*.

---

[4]     By majority, the MBIT tribunal also found that India had unlawfully expropriated the claimants' investment to a certain extent, while a dissenting arbitrator found that India's expropriation was 100% unlawful. *See id.* ¶¶ 411-425; Exhibit 14 (Dissenting Opinion of David R. Haigh).

HELLMANN DECLARATION IN SUPPORT OF
PETITION TO CONFIRM FOREIGN ARBITRAL AWARD - 5
(USDC NO. 2:18-cv-01360)

18.     The second treaty arbitration involves Devas's German investor, Deutsche Telekom AG ("DT," which is partially owned by the German government) against India under the bilateral investment treaty between Germany and India (the "DT Arbitration"); it is seated in Geneva, Switzerland.  Like the MBIT Arbitration, the DT Arbitration was bifurcated into two phases:  jurisdiction and merits, and quantum.  As it had done in the MBIT Arbitration (but this time during the first phase), India sought to introduce evidence of the CBI's criminal charges and requested suspension of the DT Arbitration pending resolution of those charges.  The DT tribunal denied India's request to stay the proceedings and introduce new evidence and a new objection as untimely, and further stated that even if it were timely, India's illegality claim would be denied on the merits.  Following a five-day hearing in April 2016, the DT tribunal issued a Partial Award on November 13, 2017.  The DT tribunal found unanimously, *inter alia*, that in annulling the Devas-Antrix Agreement, India breached the fair and equitable treatment standard of the German treaty and was liable to DT for compensation. In reaching this conclusion, the DT tribunal found that "India acted in 'wilful disregard of due process of law' through conduct 'which shocks, or at least surprises, a sense of juridical propriety.'"  A copy of the DT award is attached hereto as Exhibit 16 (*see especially* ¶¶ 1, 10, 115-119, 337-391).

Confirmation of the Award in France and the United Kingdom

19.     On October 19, 2015, Devas filed an *ex parte* application to confirm the Award in the High Court of Paris, France.  On October 22, 2015, the High Court granted *exequatur* of the Award (*i.e.*, confirmed the Award).  On February 9, 2016, Antrix challenged the confirmation before the Court of Appeal of Paris.  After extensive briefing, on March 27, 2018, the Court of Appeal affirmed the *exequatur* of the Award and ordered Antrix to pay

HELLMANN DECLARATION IN SUPPORT OF
PETITION TO CONFIRM FOREIGN ARBITRAL AWARD - 6
(USDC NO. 2:18-cv-01360)

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

€100,000 in costs.  A copy of the Court of Appeal's decision, with certified English translation, is attached as Exhibit 17 hereto (*see especially* pages 2, 8).

20.    On October 16, 2015, Devas filed an *ex parte* application to confirm the Award in the High Court of Justice, Queen's Bench Division, Commercial Court, in London, England.  On October 26, 2015, Mr. Justice Popplewell of the High Court of Justice confirmed the Award.  Thereafter, on July 19, 2016, service of the English judgment under the Hague Convention was initiated; however, over two years have elapsed since service was initiated, and it appears that India's Central Authority has not yet served the English judgment on Antrix. A copy of the judgment is attached as Exhibit 18 hereto (*see especially* pages 1-2).  The court seal on the first page of that document indicates that it has been issued officially by the High Court of Justice.

Antrix's Business Activities in this and Other Districts

21.    Upon information and belief, Antrix engages in business in this district and across the United States.

22.    Upon information and belief, Antrix and Spaceflight Industries, headquartered in Seattle, WA, have a contract to provide satellite launch services using India's PSLV rocket.  Spaceflight's website, http://spaceflight.com/services/launch-services/, lists, and depicts, the PSLV rocket among its launch offerings.  A recent report on SatelliteToday.com states that Spaceflight will be sending an Australian customer's satellite into space "on an ISRO/Antrix Polar Satellite Launch Vehicle (PSLV) sometime in 2018."  A print-out of that report is attached as Exhibit 19.

23.    Antrix and RBC Signals LLC, headquartered in Redmond, WA, are reported to have a worldwide agreement to provide space communications services to satellite operators.  Reports about that agreement from RBC's website, http://rbcsignals.com/rbc-

HELLMANN DECLARATION IN SUPPORT OF
PETITION TO CONFIRM FOREIGN ARBITRAL AWARD - 7
(USDC NO. 2:18-cv-01360)

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1  signals-enters-into-agreement-with-antrix-corporation-limited-to-expand-global-ground-

2  station-network/ (last visited Sept. 6, 2018), and SpaceNews, https://spacenews.com/rbc-

3  signals-antrix-join-forces/, are attached hereto as Exhibits 20 and 21.

4        24.      Planetary Resources Inc., which is headquartered in Redmond, WA,

5  reported earlier this year that its Arkyd-6 satellite was launched on an Indian PSLV-C40 rocket

6  on January 12, 2018.  Exhibit 22 hereto is a print-out of the company's announcement on its

7  website, https://www.planetaryresources.com/2018/01/arkyd-6-is-in-orbit/ (last visited Sept.

8  11, 2018).  Also attached hereto as Exhibit 23 is a print-out of a report that describes the launch

9  "as part of the commercial arrangements between Antrix Corporation Limited (Antrix), a

10  Government of India company under Department of Space (DOS), the commercial arm of

11  ISRO and the International customers,"  https://directory.eoportal.org/web/eoportal/satellite-

12  missions/a/arkyd-6 (last visited Sept. 11, 2018).

13

14        25.      It is also reported that Antrix agreed in 2015 to launch two satellites for

15  Colorado-based PlanetiQ.  A printout of a December 5, 2015 news report in the Business

16  Standard reporting this information, https://www.business-standard.com/article/current-

17  affairs/antrix-to-send-two-us-satellites-to-space-on-indian-rocket-115120500456_1.html,  is

18  attached hereto as Exhibit 24. The PlanetiQ website, http://planetiq.com/index.php/news/ (last

19  visited Sept. 6, 2018), has links to additional news sources that report the same information.

20        26.      The website for ISRO's National Remote Sensing Centre ("NRSC")

21  states, among other things, that the "NRSC acquires and distributes data from a number of

22  foreign satellites."  According to the website, this includes several U.S. satellites.  For example,

23  the NRSC is providing data collected from a U.S. National Oceanic and Atmospheric

24  Administration satellite, which was launched from California "to the Indian user community

25  since 1987."  That same website also states that:

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

NRSC is distributing IKONOS data to Indian User Community since October 2001. NRSC procures the IKONOS data from GeoEye, U.S.A. and distributes the same to users in the government, private and academic sectors. IKONOS provides Panchromatic data with a resolution of 1m and Multi-spectral data with a resolution of 4m with 11 bit quantization. GeoEye, U.S.A., acquires IKONOS data, either in real time or by using the On Board Tape Recorder. Space Imaging, U.S.A. also has many Affiliate Ground Stations all over the world, which acquire IKONOS data when the satellite passes over these stations.

The website makes express that, in at least one of those instances – DigitalGlobe, which is headquartered in Westminster, CO, with other locations in Florida, Virginia and Washington, DC – Antrix is the contracting party:

The Antrix Corporation Ltd. / NRSC, Department of Space, Government of India, have arrived at an agreement with M/s DigitalGlobe to distribute Quickbird data to Indian Users. As in the case of IKONOS data, all Quickbird data requirements are placed with NRSC. On behalf of the User, NRSC procures the data from DigitalGlobe and it is disseminated.

A print out of the NRSC's website page for foreign satellite data distribution, https://nrsc.gov.in/IRS_Data_Products?q=Foreign_Satellite_Data_Distribution, (last visited Sept. 6, 2018), is attached hereto as Exhibit 25.

27.    As set forth on its website, Antrix offers for sale to "international customers" "data from the constellation of Indian Remote Sensing (IRS) satellites" that provide Earth observation services.  A print out from that website, http://www.antrix.co.in/business/remote-sensing-services (last visited Sept. 6, 2018), is attached hereto as Exhibit 26.

28.    In connection with the performance of the Devas-Antrix Agreement, several witnesses testified in the arbitration (and it was never disputed that) in May 2009, Dr. Appanna Bhaskarnaryana, the Director of the Satellite Communications Program Office of ISRO, spent four to five weeks in the United States with Devas personnel meeting with Hughes Networks, Sirius XM, SkyTerra, Qualcomm, and ICO North America to understand the

HELLMANN DECLARATION IN SUPPORT OF
PETITION TO CONFIRM FOREIGN ARBITRAL AWARD - 9
(USDC NO. 2:18-cv-01360)

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

technologies used by, and operation of, hybrid satellite-terrestrial operators providing

telecommunications services.

        29.    I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  September 13, 2018.
New York, New York

*Elizabeth A. Hellmann*

Elizabeth A. Hellmann

HELLMANN DECLARATION IN SUPPORT OF
PETITION TO CONFIRM FOREIGN ARBITRAL AWARD - 10
(USDC NO. 2:18-cv-01360)
4831-6411-4546v.1 0050033-000107

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax