UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEVAS MULTIMEDIA PRIVATE LTD.,

                Petitioner,

  v.

ANTRIX CORP. LTD.,

                Respondent.

C18-1360 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Respondent Antrix Corp. LTD.'s ("Antrix") Motion to Dismiss and Opposition to Petition to Confirm Foreign Arbitral Award, docket no. 13, is DENIED as follows:

    (a) Antrix is subject to this Court's personal jurisdiction pursuant to the Foreign Sovereign Immunities Act ("FSIA"). 28 U.S.C. § 1330(b). The parties do not dispute that personal jurisdiction exists as a matter of statute, but Antrix maintains that it is entitled to additional, constitutional due process protections requiring a minimum contacts analysis. It is not. Antrix is not a "person" for due process purposes because it is effectively controlled by the Government of India. Both the U.S. Supreme Court and the Ninth Circuit Court of Appeals have assumed without deciding that foreign states are "persons" entitled to due process. *See Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 619 (1992); *Altmann v. Republic of Austria*, 317 F.3d 954 (9th Cir. 2002). Where the state exercises sufficient control over a foreign corporation, the due process clause does not apply and statutory personal jurisdiction under the FSIA is all that is required. *First Inv. Corp. of Marshall Islands v. Fujian Mawei Shipbuilding Ltd.*, 703 F.3d 742, 752

MINUTE ORDER - 1

(5th Cir. 2012); *GSS Group Ltd. v. Nat'l Port Auth.*, 680 F.3d 805, 813-14 (D.C. Cir. 2012); *Frontera Res. Azer. Corp. v. State Oil Co. of the Azer. Rep.*, 582 F.3d 393, 400 (2d Cir. 2009); *TMR Energy Ltd. v. State Property Fund of Ukraine*, 411 F.3d 296 (D.C. Cir. 2005) (concluding that state control over a private fund meant the fund was not a person entitled to due process protection and that personal jurisdiction was established by subject matter jurisdiction and service under 28 U.S.C. § 1330(b)). The Court finds these cases persuasive. Antrix is wholly-owned by the Government of India. *See* Antrix's Corporate Disclosure Statement, docket no. 10. The Government of India exercises "plenary control" over Antrix in a principal-agent relationship. *TMR*, 411 F.3d at 301-02. Antrix is "under the administrative control of [India's] Department of Space" ("DOS") and is the "commercial arm" of a related government agency, the Indian Space Research Organization ("ISRO"). Second Declaration of Elizabeth A. Hellmann, docket no. 24, Ex. 45. The Government of India itself characterizes Antrix as a "corporate front of DOS/ISRO" and "as a virtual corporation housed within DOS/ISRO for the purposes of staffing, premises and all organizational support." *Id.*, Ex. 48 at 1. Antrix has no satellites, satellite launch vehicles, transponders, or electromagnetic spectrum of its own, but rather markets assets owned and controlled by ISRO and DOS. *Id.* at 1-2. Most of Antrix's commercial activities are financed by the government of India. *Id.* at 6. Much of Antrix's leadership is appointed by the government of India. *Id.*, Ex. 47. The Court has jurisdiction under FSIA.

(b) The Court declines to dismiss this action based on the doctrine of forum non-conveniens. Petitioner has no adequate alternative forum in which to execute on property Antrix may own in the United States. *See TMR*, 411 F.3d at 303 ("[O]nly a court of the United States . . . may attach the commercial property of a foreign nation located in the United States."). Active investigations and proceedings against Petitioner and its officers and agents in India—including both civil and criminal proceedings—raise additional concerns about the neutrality of proceedings in India. Given the availability of a temporary stay under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention"), the Court concludes that dismissal would unfairly prejudice Petitioner and is unwarranted.

(c) The Court exercises its discretion to stay this action pursuant to Article VI of the New York Convention pending the resolution of Antrix's challenge to the underlying award in India's courts. *See Matter of Arbitration of Certain Controversies Between Getma International and Republic of Guinea*, 142 F. Supp. 3d 110 (D.D.C. 2015) (citing factors enumerated in *Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310 (2d Cir. 1998)). The matter is STAYED for one (1) year from the date of this Order. On or before April 15, 2020, the parties shall file a joint status report regarding the litigation in India and whether the Court should lift or extend the stay.

(d) The Court defers a decision on as to whether any security must be posted as a condition of the stay now imposed by the Court. The parties shall address the amount of security, if any, the Court should require during the stay under the New York Convention. Petitioner shall file a brief of not more than ten (10) pages on or before April 26, 2019. Respondent shall file a responsive brief of not more than ten (10) pages on or before May 10, 2019. No replies shall be filed.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 16th day of April, 2019.

<u>William M. McCool</u>
Clerk

<u>s/Karen Dews</u>
Deputy Clerk

MINUTE ORDER - 3