Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEVAS MULTIMEDIA PRIVATE LTD., <br><br> Petitioner, <br><br> v. <br><br> ANTRIX CORP. LTD, <br><br> Respondent. | CASE No. 2:18-cv-1360-TSZ <br><br> **MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24** <br><br> **NOTE ON MOTION CALENDAR: FEBRUARY 24, 2021** |

**INTRODUCTION**

Applicants CC/Devas (Mauritius) Ltd., Devas Employees Mauritius Private Limited and Telcom Devas Mauritius Limited (collectively "Applicants"), are substantial shareholders of Petitioner Devas Multimedia Private Ltd. ("Devas"). Applicants seek to intervene in this action on an emergency basis to protect and enforce the judgment of this Court entered on November 4, 2020 in favor of Devas against Respondent Antrix Corp. Ltd. ("Antrix"). Urgent intervention is necessary because Antrix has procured from a court in India an order appointing a Provisional Liquidator for Devas; that Liquidator has taken over management of Devas; he has fired Devas's counsel in this and related actions, *see*, *e.g.*, Mot. to Withdraw, ECF No. 55; and, notwithstanding the ongoing legal

MOTION TO INTERVENE – 1
No. 2:18-cv-01360-TSZ

MATTHEW D. MCGILL
GIBSON, DUNN & CRUTCHER LLP
1050 CONNECTICUT AVE NW
WASHINGTON, DC 20036

challenges of Devas shareholders to the Liquidator's appointment, the Liquidator has adopted Antrix's legal position as his own and now seems poised to engage, on behalf of Devas, in a transaction with Antrix to settle Devas's claims, or otherwise to acquiesce in the set-aside of the Award at the upcoming hearing before the Delhi High Court on February 25.

In short, having thus far failed to annul the ICC award entered against it, Antrix now has orchestrated a government occupation of Devas seemingly with the intention of corrupting the adversarial process and causing Devas to join in a collusive agreement to surrender its arbitral award and this Court's November 4 judgment enforcing it. Applicants seek to intervene to defend this Court's judgment from Antrix's brazen efforts to undermine it.

At the threshold, even though an appeal of this Court's judgment is pending, the Court has jurisdiction to permit intervention in order to enforce that judgment. It is well settled that a pending appeal does not deprive district courts of "jurisdiction to take actions that preserve the status quo during the pendency of an appeal." *Rains v. Flinn (In re Rains)*, 428 F.3d 893, 904 (9th Cir. 2005). "And [a]bsent a stay or supersedeas, the ... court also retains jurisdiction to implement or enforce the judgment or order but may not alter or expand upon the judgment." *Id.* (internal quotation marks omitted; alteration and omission in original). The Ninth Circuit reaffirmed that principle in *Kismet Acquisition, LLC v. Diaz-Barba (In re Icenhower)*, 755 F.3d 1130 (9th Cir. 2014), where the court explained that particularly where new facts emerge, a court may grant additional relief as part of its retained jurisdiction to supervise its judgment. *Id.* at 1138. That is precisely what Applicants are asking this Court to do: Now that Antrix has orchestrated the occupation of Petitioner and inequitably turned Petitioner into an advocate for vacatur of this Court's judgment, Applicants seek to step in to defend it from Antrix's attack and to maintain the status quo while the appeal is pending.

On the merits, as counsel for Antrix effectively conceded in a hearing before this Court yesterday, the requirements for intervention as of right under Rule 24(a) are satisfied. This motion is

MOTION TO INTERVENE – 2
No. 2:18-cv-01360-TSZ

MATTHEW D. MCGILL
GIBSON, DUNN & CRUTCHER LLP
1050 CONNECTICUT AVE NW
WASHINGTON, DC 20036

timely; Applicants are seeking to intervene within two weeks of the Liquidator's discharge of Devas's counsel in this action and just days after Applicants were able to retain new counsel. Applicants, as opposing counsel recognized, also have clear protectable interests in these proceedings as shareholders of Devas—interests which might be impaired or destroyed if Antrix and the Liquidator are permitted to compromise the judgment or the underlying arbitration award. And Devas cannot adequately represent Applicants' interests in this matter because Devas now is occupied by a Liquidator appointed at the urging of Antrix.

Even if Rule 24(a)'s requirements were not satisfied, Applicants plainly meet the minimal requirements for permissive intervention under Rule 24(b), and Antrix's audacious effort to undermine this Court's judgment through collusive litigation provides a compelling rationale for this Court to exercise its discretion to permit intervention.

### BACKGROUND

Antrix has been hostile to the Devas arbitration since its inception. Antrix initially refused to participate in the ICC arbitration, until the Indian Supreme Court dismissed Antrix's objections. *See* ECF No. 2-1, Ex. 1, ¶¶ 15, 28, 34–35. Then, numerous Indian government agencies stepped in, first to undermine the arbitration proceedings, and then the Award, by initiating baseless investigations into Devas, its officers, directors, employees and investors. Devas has already brought to this Court's attention the harassing tactics of three agencies. *See, e.g.*, Decl. of Syed Omar Bilal Ahmad, ECF No. 23, ¶¶ 4, 5; Suppl, Ahmad Decl., ECF No. 25, ¶ 8; Third Ahmad Decl., ECF No. 30, ¶¶ 20–22. The purpose of the government's improper investigations and specious allegations against Devas was clear: The Indian government, as local media reported, was "[w]orried over the negative impact of the US $672 million arbitration award," and "decided to nudge the [CBI] to speed up the ongoing criminal investigation." ECF No. 2-1, Ex. 8; *accord* ECF No. 2-1, Ex. 9; Ahmad Decl. I, ECF No. 23, ¶ 7; Ahmad Decl. III, ECF No. 30, ¶ 26; ECF No. 30-3, Ex. 11. This Court itself recognized in

MOTION TO INTERVENE – 3
No. 2:18-cv-01360-TSZ

MATTHEW D. MCGILL
GIBSON, DUNN & CRUTCHER LLP
1050 CONNECTICUT AVE NW
WASHINGTON, DC 20036

denying Antrix's motion to dismiss that "[a]ctive investigations and proceedings against Petitioner and its officers and agents in India—including both civil and criminal proceedings—raise additional concerns about the neutrality of proceedings in India." ECF No. 28, at 2; *see also* ECF No. 49, at 16 (dismissing vague, unsubstantiated allegations of corruption).

As this Court observed in its order lifting the stay of proceedings, Antrix's appeal of the arbitral award in the Indian courts had long been stuck on the question of whether they should start in the courts of Bengaluru or those of Delhi. ECF No. 45, at 3. On November 4, 2020, the Supreme Court of India decided that Antrix's challenge would go forward in Delhi, Ex. B to the Decl. of Lawrence T. Babbio, Jr., and the first hearing before the Delhi High Court was set for January 22, 2021. That (perhaps in combination with this Court's entry of judgment) apparently impelled Antrix and its parent state to radically shift its strategy for resisting the Award.

On January 18, 2021, Antrix filed a petition to wind up Devas before the Bengaluru division of the National Company Law Tribunal ("NCLT")—a court previously uninvolved in this decade-long litigation. Antrix alleged that the Devas-Antrix agreement had been "obtained fraudulently" and that an immediate wind-up of Devas was an appropriate remedy. Ex. M to the Babbio Decl., ¶ 2(3). A hearing was set for the next day. The Solicitor General and Additional Solicitor General of India argued for Antrix. *Id.* at 1. The Ministry of Corporate Affairs, not surprisingly, "supported" Antrix's case. *Id.* ¶ 6.

Devas was not afforded an opportunity to file a written response to Antrix's petition; the NCLT ruled in a 15-page order that same day. *See id*. It observed that Devas appeared to have concluded the Devas-Antrix agreement "within a short time, without having the requisite experience," and—directly contravening the findings of the ICC award—that the Devas-Antrix agreement "was annulled after following due process of law." *Id.* ¶ 10. On this basis, the NCLT concluded that Antrix had "prima facie proved that [Devas] has resorted [to] various frauds,

MOTION TO INTERVENE – 4
No. 2:18-cv-01360-TSZ

MATTHEW D. MCGILL
GIBSON, DUNN & CRUTCHER LLP
1050 CONNECTICUT AVE NW
WASHINGTON, DC 20036

misfeasance, connived with officials etc., in obtaining [the Devas-Antrix agreement]" and that "it would not be proper to permit [Devas] to continue its name on the rolls of Registrar of Companies." *Id.* ¶¶ 10–11. The NCLT appointed a Provisional Liquidator "to forthwith take into his or its custody or control all property, effects and actionable claims" of Devas. *Id.* ¶ 11.

On January 22, 2021, the Liquidator appeared before the High Court of Delhi on behalf of Devas in a hearing relating to Antrix's efforts to set aside the arbitral award. The Liquidator was unable to make any substantive submissions because the judge did not have the physical case file. *See* Babbio Decl. ¶ 21; Ex. N to the Babbio Decl. The hearing was reset for February 25, 2021. Ex. N. to the Babbio Decl. Applicants believe that the Liquidator intends to agree with Antrix to settle the Award and related judgments, or otherwise to acquiesce in the setting aside of the Award. *See* Babbio Decl. ¶¶ 22–23. Indeed, on February 2, the Provisional Liquidator filed an interim report that concluded (without citing any evidence) that Devas's 2005 contract with Antrix had been procured by fraud. Ex. Q to the Babbio Decl. ¶ 34. Devas's current occupier thus has adopted as his own Antrix's central (and baseless) contention to set aside the Award.

Meanwhile, the Liquidator did not authorize Devas to appeal the NCLT's ruling. *See* Babbio Decl. ¶ 25. Devas's shareholder DEMPL appealed instead, but its initial appeal was rejected almost immediately—on February 11. Ex. R to the Babbio Decl. Devas's Mauritian shareholders are now considering appealing to the Supreme Court of India. *See* Babbio Decl. ¶ 26. Devas shareholders also intend to challenge the decision of the Ministry of Companies to allow Antrix to bring the wind-up petition. *Id.*

## ARGUMENT

**A. This Court Has Jurisdiction To Consider And Grant This Motion.**

This Court retains jurisdiction to grant this motion. While a notice of appeal generally divests a district court of jurisdiction, that rule "is not absolute." *Rains v. Flinn (In re Rains)*, 428 F.3d 893,

MOTION TO INTERVENE – 5
No. 2:18-cv-01360-TSZ

MATTHEW D. MCGILL
GIBSON, DUNN & CRUTCHER LLP
1050 CONNECTICUT AVE NW
WASHINGTON, DC 20036

904 (9th Cir. 2005). A district court "retains jurisdiction to take actions that preserve the status quo during the pendency of an appeal." *Id.* (quotation marks omitted); *see Newton v. Consol. Gas Co. of N.Y.*, 258 U.S. 165, 177 (1922) (holding that "trial court may . . . preserve the status quo until decision by the appellate court"). This power is one that district courts "always inherently possess" even absent express provision in the Rules. *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). The Court may take appropriate actions "to implement or enforce the judgment" provided those actions do not "alter or expand upon the judgment." *Rains*, 428 F.3d at 904 (alteration in original) (quotation marks omitted).

Even the general rule that a district court cannot alter or expand its judgment after the filing of a notice of appeal is not absolute. "[W]here *as new facts develop additional supervisory action by the court is required*, an appeal from the supervisory order does not divest the district court of jurisdiction to continue its supervision, even though in the course of that supervision the court acts upon or modifies the order from which the appeal is taken." *Hoffman ex rel. NLRB v. Beer Drivers & Salesmen's Local Union No. 888*, 536 F.2d 1268, 1276 (9th Cir. 1976) (emphasis added). The Court "retains authority 'to . . . vindicate its authority and effectuate its decrees.'" *Erickson Prods., Inc. v. Kast*, 769 F. App'x 482, 483 (9th Cir. 2019) (quoting *Peacock v. Thomas*, 516 U.S. 349, 354 (1996)). And courts explicitly recognize that whereas intervention to participate *in the appeal* must be sought from the court of appeals, which Applicants seek in parallel with this motion, a district court may grant a motion to intervene after a notice of appeal is filed to permit the party to participate *in ongoing proceedings before the district court*. *See First-Citizens Bank & Trust Co. of N.C. Arvest Bank v. Outsource Servs. Mgmt.*, No. 12-cv-1734-ADM/FLN, 2012 WL 12895659 (D. Minn. Aug. 29, 2012).

The Ninth Circuit's decision in *Kismet* is remarkably analogous to this case. *See Kismet Acquisition, LLC v. Diaz-Barba (In re Icenhower)*, 755 F.3d 1130, 1138 (9th Cir. 2014). After a

MOTION TO INTERVENE – 6
No. 2:18-cv-01360-TSZ

MATTHEW D. MCGILL
GIBSON, DUNN & CRUTCHER LLP
1050 CONNECTICUT AVE NW
WASHINGTON, DC 20036

debtor's interest in a Mexican villa was improperly transferred, the bankruptcy court ordered the owners of the villa, the Diazes, to transfer that interest to a trust naming Kismet, the bankruptcy trustee, as the sole beneficiary. *Kismet*, 755 F.3d at 1134. The Diazes filed their notice of appeal and thereafter lobbied the Mexican government to declare the transfer unlawful and deny a trust permit to Kismet. *Id.* at 1135–36. Given these machinations to undermine the judgment, the court found that Kismet was unlikely to obtain a Mexican trust permit, effectively nullifying the judgment. *Id.* at 1136. The court therefore amended its judgment to substitute Axolotl, a Mexican corporation and Kismet's assignee, as the transferee of the villa. *Id.* On appeal the Diazes argued that the court had no jurisdiction to substitute Axolotl as transferee because its notice of appeal had divested the court of jurisdiction. *Id.* at 1138. The Ninth Circuit disagreed. In light of Diazes "action to obstruct this transfer," "the bankruptcy court reasonably concluded" that Kismet "would have precious little success" in enforcing the judgment. *Id.* It was "within the court's jurisdiction" to issue a new order directing "the Villa transferred to Axolotl," which did not require a permit and would allow the judgment to take effect despite the Diazes obfuscations.

Like the Diazes, Antrix has sought to weaponize the legal system of a foreign country to nullify its adversary's ability to obtain the benefits of a judgment in its favor. And like the bankruptcy court in *Kismet*, this court has the authority (and the duty) to substitute a party who, acting on behalf of Devas, is able to reap the benefit of the judgment that Antrix is trying to obstruct.

Antrix seeks to avoid the clear import of Ninth Circuit precedent by pointing to *Bryant v. Crum & Forster Specialty Ins. Co.*, 502 F. App'x 670, 671 (9th Cir. 2012). But that terse opinion simply stands for the general rule that a notice of appeal divests the district court of jurisdiction over the issues on appeal. Unlike Applicants, the *Bryant* intervenors sought to join the district court proceeding not to protect the judgment and preserve the status quo, like the Applicants, but to make a claim that they were entitled to receive a portion of the judgment. *Bryant*, No. 2:04-cv09049, ECF

MOTION TO INTERVENE – 7
No. 2:18-cv-01360-TSZ

MATTHEW D. MCGILL
GIBSON, DUNN & CRUTCHER LLP
1050 CONNECTICUT AVE NW
WASHINGTON, DC 20036

No. 10724 at 7 (Aug. 26, 2011) (seeking intervention "solely to preserve their right to the portion of attorneys' fees and costs awarded"). The Applicants here make no such claim that would disturb the court's judgment now on appeal.

The limited nature of the holding is made clear by the fact that the very authority on which the Ninth Circuit relied *itself* acknowledged: "An exception to th[e] rule" that a notice of appeal divests a court of jurisdiction to consider a motion for intervention "is that once a notice of appeal is filed the district court has jurisdiction to act to enforce its judgment so long as the judgment has not been stayed or superseded." *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 n.2 (5th Cir. 1984). Applicants' motion to intervene to defend this Court's judgment falls squarely within that exception, and is expressly designed to preserve the status quo.

**B. Applicants Are Entitled To Intervention As Of Right.**

The Ninth Circuit employs a four-part test to evaluate intervention as of right under Rule 24(a). Specifically, (1) the motion must be timely; (2) the applicant must assert an interest relating to the transaction or property that is the subject of the action; (3) the applicant must demonstrate its interest may be impaired by the action; and (4) the applicant's interests must not be adequately represented by the parties already involved in the action. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817–18 (9th Cir. 2001). This test is "construed broadly in favor of proposed intervenors." *United States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992); *accord Sw. Ctr.*, 268 F.3d at 818. Here, Applicants satisfy each of the four requirements.

*1. Timeliness.* Courts in the Ninth Circuit "evaluate three factors" in determining whether a motion to intervene is timely: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *McGough*, 967 F.2d at 1394 (quoting *Orange Cty. v. Air California*, 799 F.2d 535, 537 (9th Cir.

MOTION TO INTERVENE – 8
No. 2:18-cv-01360-TSZ

MATTHEW D. MCGILL
GIBSON, DUNN & CRUTCHER LLP
1050 CONNECTICUT AVE NW
WASHINGTON, DC 20036

1986)). "Timeliness is to be determined from all the circumstances." *Id.* at 1395 (quoting *NAACP v. New York*, 413 U.S. 345, 366 (1973)).  Here, all three factors suggest Applicants' motion is timely.

"Where a change of circumstances occurs, and that change is the 'major reason' for the motion to intervene, the stage of proceedings factor should be analyzed by reference to the change in circumstances, and not the commencement of the litigation." *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016) (finding intervention appropriate twenty years after action's commencement and seventeen years after consent decree entered).  The "change of circumstances" here is Antrix's procurement of a liquidator to manage the affairs of Devas and the Liquidator's undisguised effort to scuttle Devas's arbitration award and this Court's judgment through collusive action with Antrix.  *See* Background.  Those dramatic developments constitute the "major reason" Applicants seek to intervene, and Applicants have brought this motion promptly in light of that "change in circumstance[]." *Smith*, 830 F.3d at 854.  Indeed, Applicants bring this motion less than two weeks after Devas's counsel filed its motion to withdraw.  Mot. to Withdraw, ECF No. 55.

There accordingly is no delay on the part of the Applicants to excuse.  And there is no serious argument that Antrix or Devas could advance that it is prejudiced by Applicants bringing this motion now as opposed to February 10 or 11.  As the Ninth Circuit has explained, "the only 'prejudice' that is relevant . . . is that which flows from a prospective intervenor's failure to intervene after he knew, or reasonably should have known, that his interests were not being adequately represented—and not from the fact that including another party in the case might make resolution more 'difficult[ ].'" *Smith*, 830 F.3d at 857.  Other than Devas's counsel's motion to withdraw, there have been no proceedings in this Court since this Court entered its judgment.  There accordingly is no prejudice of which Antrix or Devas could complain.  Therefore, Applicants' motion should be regarded as timely.

**2. Protectable Interest.**  As Antrix's counsel conceded in a hearing yesterday before this Court, Applicants have protectable interests in the confirmation judgment they seek to enforce and

MOTION TO INTERVENE – 9
No. 2:18-cv-01360-TSZ

MATTHEW D. MCGILL
GIBSON, DUNN & CRUTCHER LLP
1050 CONNECTICUT AVE NW
WASHINGTON, DC 20036

defend by virtue of their status as shareholders in Devas. "An economic interest constitutes a significantly protectable interest if it is concrete and related to the underlying subject matter in the case." *United Farm Workers v. Adm'r, U.S. E.P.A.*, 2008 WL 3929140, at *2 (N.D. Cal. Aug. 26, 2008). Applicants' interest is plainly concrete here, where the company they own is entitled to collect on a $1.3 billion judgment that certainly would redound to the benefit of its shareholders. *See* Babbio Decl. ¶¶ 4, 8. As Devas's substantial shareholders, Applicants have a direct economic interest in the survival and ultimate collection of this Court's judgment in favor of Devas. This satisfies the legally-protectable-interest requirement.[1]

  **3. Impairment of Interest.** Next, unless Applicants are permitted to intervene, their interests are very likely to be "impaired or impeded" "in a practical sense." *Sw. Ctr.*, 268 F.3d at 822. Obviously, because Devas has not appointed lawyers to replace the counsel it terminated, it will not enforce the judgment, and Devas possibly is at risk of additional sanctions under Local Rule 83.2. But the even greater danger is that, with Devas's directors effectively gagged by the Liquidator, no one will act to defend this Court's judgment from collusive action by Antrix and the Liquidator. With no one to defend this Court's judgment, Applicants' interests are at grave risk of impairment.

  **4. Inadequate Representation.** Finally, neither party to this action can represent Applicants' interests here. *See United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002) (citation omitted). Applicants' burden to show inadequate interpretation is "minimal." *Trident Seafoods*

---

[1] Similarly, as Mauritian shareholders in Devas, Applicants have a protectable interest pursuant to the bilateral investment treaty ("BIT") between India and Mauritius. Ex. A to the Babbio Decl. Among other things, Article 6 of the BIT provides that Applicants' "[i]nvestments" in India "shall not be nationalised, expropriated or subjected to measures having effects of equivalent to nationalisation or expropriation except for public purposes, under due process of law, on a non-discriminatory basis and against fair and equitable compensation." *Id*. Art. 6(1). The sham liquidation of Devas orchestrated by Antrix is the opposite of the "fair and equitable treatment" guaranteed by that treaty to Applicant's investment in Devas. This Court has the power to ensure its judgment is not vacated or set aside and accordingly to mitigate Antrix's and its parent state's effort to deny fair and equitable treatment to Applicants' investment. This satisfies the legally-protectable-interest requirement.

MOTION TO INTERVENE – 10
No. 2:18-cv-01360-TSZ

MATTHEW D. MCGILL
GIBSON, DUNN & CRUTCHER LLP
1050 CONNECTICUT AVE NW
WASHINGTON, DC 20036

*Corp. v. Bryson*, 2012 WL 1884657, at *5 (W.D. Wash. May 23, 2012).  Here, Devas' occupation by the Liquidator and its termination of Devas's counsel makes plain that it will not adequately represent Applicants' interests in these proceedings.  Indeed, the Liquidator has not appointed counsel to represent Devas in this action at all—never mind to enforce this Court's judgment.  This Court should grant Applicants' motion for intervention as of right.

**C. Applicants Should Be Permitted To Intervene Under Rule 24(b).**

Applicants alternatively should be permitted to intervene under Rule 24(b).  A party may intervene under Rule 24(b) by demonstrating "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action."  *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1353 (9th Cir. 2013) (citation omitted).  Permissive intervention is appropriate when the additional party will not "unduly delay the main action or . . . unfairly prejudice the existing parties."  *Id.*  "Unlike Rule 24(a), a 'significant protectable interest' is not required by Rule 24(b) for intervention."  *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1109 (9th Cir. 2002), *abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1180 (9th Cir. 2011).

Applicants satisfy these minimal requirements.  *First*, for the same reasons this application is timely under Rule 24(a), this request is timely under Rule 24(b).  *See supra* Pt. A.; *San Jose Mercury News, Inc. v. U.S. Dist. Court--N. Dist. (San Jose)*, 187 F.3d 1096, 1100 (9th Cir. 1999) (applying same timeliness factors from Rule 24(a) to timeliness analysis under Rule 24(b)).

Applicants also satisfy the requirement of a common question.  An intervenor satisfies this requirement when it has "a real economic stake in the outcome of th[e] litigation."  *Textile Workers Union of Am., CIO v. Allendale Co.*, 226 F.2d 765, 769 (D.C. Cir. 1955); *see also* Wright & Miller, 7C Fed. Prac. & Procedure § 1911 (3d ed. 2020) (permissive intervention is appropriate when intervenor "has an economic interest in the outcome of the suit").  Applicants have a clear economic

MOTION TO INTERVENE – 11
No. 2:18-cv-01360-TSZ

MATTHEW D. MCGILL
GIBSON, DUNN & CRUTCHER LLP
1050 CONNECTICUT AVE NW
WASHINGTON, DC 20036

interest in the preservation and enforcement of this Court's judgment because they are shareholders in Devas. And they seek to intervene to litigate the question—common to the parties—whether Antrix should be permitted to undermine this Court's judgment by orchestrating a government occupation of Devas.

Finally, the third requirement of an independent basis for federal jurisdiction does not apply when the intervenor is not advancing a new claim for relief. *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011) ("Where the proposed intervenor in a federal-question case brings no new claims, the jurisdictional concern drops away."). In any event, Applicants satisfy the requirement because each claim and argument Applicants intend to press relates to the enforceability of the court's judgment, which necessarily raises a federal question. *See Jeff D. v. Kempthorne*, 365 F.3d 844, 853 (9th Cir. 2004) (observing "strong federal interest in ensuring that the judgments of federal courts are meaningful and enforceable").

## CONCLUSION

For the foregoing reasons, Applicants' Motion to Intervene should be granted.

Dated: February 24, 2021                    Respectfully submitted,

/s Matthew D. McGill
MATTHEW D. MCGILL
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036

ANNE CHAMPION
GIBSON, DUNN & CRUTCHER LLP
200 Park Ave.
New York, NY  10166

MALAIKA EATON
MCNAUL EBEL NAWROT & HELGREN PLLC
One Union Square

MOTION TO INTERVENE – 12
No. 2:18-cv-01360-TSZ

MATTHEW D. MCGILL
GIBSON, DUNN & CRUTCHER LLP
1050 CONNECTICUT AVE NW
WASHINGTON, DC 20036

600 University Street, Suite 2700
Seattle, WA 98101

*Counsel for Devas Multimedia America, Inc., CC/Devas (Mauritius) Ltd., Devas Employees Mauritius Private Limited, and Telcom Devas Mauritius Limited*

MOTION TO INTERVENE – 13
No. 2:18-cv-01360-TSZ

MATTHEW D. MCGILL
GIBSON, DUNN & CRUTCHER LLP
1050 CONNECTICUT AVE NW
WASHINGTON, DC 20036


# CERTIFICATE OF SERVICE

I, Matthew D. McGill, declare as follows:

I am employed in Washington, District of Columbia, I am over the age of eighteen years and am not a party to this action; my business address is 1050 Connecticut Avenue, N.W., Washington, DC 20036-5306, in said County and State. On February 24, 2021, I served the following document(s):

**MOTION PURSUANT TO FED. R. CIV. P. 24 TO INTERVENE**

on the parties stated below, by the following means of service:

☐ **BY UNITED STATES MAIL**: I placed a true copy in a sealed envelope or package addressed to the persons as indicated above, on the above-mentioned date, and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited with the U.S. Postal Service in the ordinary course of business in a sealed envelope with postage fully prepaid. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing set forth in this declaration.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Washington, DC.

☐ **BY MESSENGER SERVICE**: I placed a true copy in a sealed envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service for delivery before 5:00 p.m. on the above-mentioned date. *(A declaration by the messenger must accompany this Certificate of Service.)*

☐ **BY FAX TRANSMISSION**: Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above at _____ [a.m./p.m.] , on February 24, 2021. The telephone number of the sending fax machine is [number] No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached. This transmission report was properly issued by the sending fax machine.

☐ **BY OVERNIGHT DELIVERY**: On the above-mentioned date, I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses shown above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier with delivery fees paid or provided for.

☐ **BY LEXISNEXIS**: I provided the document(s) listed above electronically to LexisNexis through the LexisNexis File & Serve website pursuant to the order authorizing electronic service and the instructions on that website.

x **BY ELECTRONIC TRANSFER TO THE CM/ECF SYSTEM**: On this date, I electronically uploaded a true and correct copy in Adobe "pdf" format the above-listed document(s) to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon receipt of the Notice of Electronic Filing ("NEF") by the registered CM/ECF users.

MOTION TO INTERVENE – 14
No. 2:18-cv-01360-TSZ

MATTHEW D. MCGILL
GIBSON, DUNN & CRUTCHER LLP
1050 CONNECTICUT AVE NW
WASHINGTON, DC 20036

☐ **BY ELECTRONIC SERVICE**:  On the above-mentioned date at _____ [a.m./p.m] , based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses as shown above.

☐ **(STATE)**  I declare under penalty of perjury under the laws of the District of Columbia that the foregoing is true and correct.

☑ **(FEDERAL)**  I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 24, 2021.

/s Matthew D. McGill
Matthew D. McGill

MOTION TO INTERVENE – 15
No. 2:18-cv-01360-TSZ

MATTHEW D. MCGILL
GIBSON, DUNN & CRUTCHER LLP
1050 CONNECTICUT AVE NW
WASHINGTON, DC 20036