UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEVAS MULTIMEDIA PRIVATE LTD.,

    Petitioner,

and

DEVAS MULTIMEDIA AMERICA, INC.; DEVAS EMPLOYEES MAURITIUS PRIVATE LIMITED; TELCOM DEVAS MAURITIUS LIMITED; and CC/DEVAS (MAURITIUS) LTD.,

    Intervenor-Petitioners,

v.

ANTRIX CORP. LTD.,

    Respondent.

C18-1360 TSZ

ORDER

THIS MATTER comes before the Court on a motion, docket no. 142, for court approval to register judgment nationwide under 28 U.S.C. § 1963 and 28 U.S.C. § 1610(c), filed by Intervenors Devas Multimedia America, Inc. ("DMAI"), Devas Employees Mauritius Private Limited ("DEMPL"), Telcom Devas Mauritius Limited

ORDER - 1

("Telcom Devas"), and CC/Devas (Mauritius) Ltd. ("CC/Devas") (collectively, "Intervenors"). Having reviewed all papers filed in support of, and in opposition to, the motion, the Court determines that oral argument is unnecessary and enters the following Order.

**Background**

In November 2020, the Court entered an order confirming the foreign arbitral award at issue ("Award") and entered a $1.29 billion judgment ("Judgment") in favor of Petitioner Devas Multimedia Private Ltd. and against Respondent. Respondent appealed the Court's order, *see* Notice of Appeal (docket no. 53), but to date, Respondent has not paid the Judgment or posted a supersedeas bond. *See* Champion Decl. at ¶ 1 (docket no. 143).

On August 16, 2021, the Court granted in part and denied in part the Intervenors' motion to compel post-judgment discovery. *See* Order (docket no. 133). The Court concluded that Intervenors DEMPL, Telcom Devas, and CC/Devas have future, contingent interests in the Judgment sufficient to show that the Intervenors are successors in interest for the purposes of Federal Rule of Civil Procedure 69(a)(2). The Court also concluded that Intervenor DMAI is a judgment creditor within the meaning of Rule 69(a)(2).

The Intervenors now move, docket no. 142, for an order to register the Judgment nationwide under 28 U.S.C. § 1963 and 28 U.S.C. § 1610(c). Petitioner and Respondent oppose the Intervenors' requested relief.

**Discussion**

    **1.**    **28 U.S.C. § 1963**

A district court judgment becomes final and enforceable thirty (30) days after entry of judgment. *See* Fed. R. Civ. P. 62(a). "Pending appeal, however, the judgment is only enforceable in the district in which it was rendered, unless the judgment is 'registered' in another district by court order." *Columbia Pictures Television, Inc. v. Krypton Columbia Pictures Television, Inc.*, 259 F.3d 1186, 1197 (9th Cir. 2001) (quoting 28 U.S.C. § 1963). The party requesting registration of a judgment in another judicial district must show "good cause" when an appeal of the judgment is pending. 28 U.S.C. § 1963.

"A likely absence of assets in [the judgment forum], coupled with a likelihood that there are recoverable assets in another jurisdiction, is generally sufficient to show good cause for registration elsewhere." *Rockin Artwork, LLC v. Bravado Int'l Grp. Merch. Servs., Inc.*, No. C15-1492, 2017 WL 11437734, at *1 (W.D. Wash. Apr. 4, 2017) (citing *Columbia Pictures*, 259 F.3d at 1197–98). A moving party's burden to show good cause is "minimal." *See Kreidler v. Pixler*, No. C06-0697, 2011 WL 13193276, at *1 (W.D. Wash. May 13, 2011). "[T]he courts that have found good cause have generally based their decisions on an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." *Columbia Pictures*, 259 F.3d at 1197–98 (quoting *Dyll v. Adams*, No. 91-CV-2734, 1998 WL 60541, at *1 (N.D. Tex. Feb. 6, 1998)). A district court may also consider whether "registering the judgment elsewhere may help prevent the debtor from transferring or concealing property while the matter is

on appeal, and whether the debtor posted a supersedeas bond." *Rockin Artwork*, 2017 WL 11437734, at *1 (citing *Chi. Downs Ass'n, Inc. v. Chase*, 944 F.2d 366, 371–72 (7th Cir. 1991)).

Petitioner and Respondent challenge the Intervenors' standing to register the Judgment in other judicial districts. The Court concludes that the Intervenors have standing to seek registration of the Judgment. However, the Intervenors have not shown good cause for nationwide registration of the Judgment. Here, Respondent has not posted a supersedeas bond and does not have sufficient assets in the Western District of Washington to satisfy the Court's judgment. Champion Decl. at ¶¶ 1, 2 (docket no. 143). In support of their request for nationwide registration, the Intervenors submitted a declaration that states:

> Antrix does appear to have assets in other districts across the United States. Antrix's discovery produced to date has revealed that it possess[es] assets in several banks with American branches in several other districts across the United States. Antrix is also owed debts by companies located in several other districts across the United States.

*Id.* at ¶ 3. Respondent claims that it does not have any bank accounts or substantial assets in the United States. Antrix's Resp. (docket no. 144 at 7–8).

The Intervenors cite to *Non-Dietary Exposure Task Force v. Tagros Chems. India, Ltd.*, 309 F.R.D. 66, 69 (D.D.C. 2015) in support of their argument that a declaration from counsel is sufficient to establish good cause for nationwide registration of the Judgment. In that case, counsel's declaration provided that the defendant had "substantial assets in Texas, New Jersey, and North Carolina." *Id.* Here, with the exception of the Eastern District of Virginia, the Intervenors have not provided the Court

ORDER - 4

with sufficient information concerning where Respondent's assets are located and whether the assets are substantial.[1]  Accordingly, the Intervenors have not shown to the Court's satisfaction that Respondent likely has substantial assets in other districts in the United States to warrant nationwide registration of the Judgment.

Although the Intervenors have not shown good cause for nationwide registration, the Court concludes that there is good cause to register the Judgment in the Eastern District of Virginia.  Respondent concedes that Intelsat Service and Equipment LLC, a U.S. company currently pending bankruptcy proceedings in the U.S. Bankruptcy Court for the Eastern District of Virginia, owes Respondent $146,457.47.  Answer to Interrog. No. 2, Ex. C to Meehan Decl. (docket no. 116-3 at 8–9); Antrix's Resp. (docket no. 144 at 7–8).  Therefore, the Intervenors may register the Judgment, docket no. 52, in the Eastern District of Virginia.

**2.   28 U.S.C. § 1610(c)**

Under the Foreign Sovereign Immunities Act, "[n]o attachment or execution . . . shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment . . . ." 28 U.S.C. § 1610(c).  For example, in *NED Chartering & Trading, Inc. v. Republic of Pak.*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001), six weeks was found to be a reasonable period of time.  In this case, over one year has elapsed since the Court entered

---

[1] The Intervenors allege that Respondent's post-judgment discovery responses are "woefully deficient." Mot. (docket no. 142 at 8); *see also* Champion Decl. at ¶ 4 (docket no. 143).  The Intervenors have not sought relief from the Court concerning Respondent's allegedly deficient responses.

ORDER - 5

the Judgment on November 4, 2020.  *See* Judgment (docket no. 52).  Accordingly, the Court determines that, under 28 U.S.C. § 1610(c), a reasonable period of time has elapsed since the entry of the Judgment.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) The Intervenors' motion, docket no. 142, for court approval to register the Judgment nationwide under 28 U.S.C. § 1963 and 28 U.S.C. § 1610(c) is GRANTED in part and DENIED in part, as follows.  The Intervenors may register the Judgment, docket no. 52, in the Eastern District of Virginia.  The Intervenors' request to register the Judgment in other districts is DENIED, though it is possible that the Intervenors could make the required showing.[2]

(2) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 3rd day of January, 2022.

_____
Thomas S. Zilly
United States District Judge

---

[2] Nothing in this Order precludes the Intervenors from presenting the Court with *ex parte* evidence that Respondent likely has substantial assets in other districts in the United States.  If the Court is satisfied that additional evidence provides good cause to register the Judgment in other judicial districts, the Court will authorize further registration of the Judgment.

ORDER - 6