UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| DEVAS MULTIMEDIA PRIVATE LTD., <br><br> Petitioner, <br><br> and <br><br> DEVAS MULTIMEDIA AMERICA, INC.; DEVAS EMPLOYEES MAURITIUS PRIVATE LIMITED; TELCOM DEVAS MAURITIUS LIMITED; and CC/DEVAS (MAURITIUS) LTD., <br><br> Intervenor-Petitioners, <br> v. <br><br> ANTRIX CORP. LTD., <br><br> Respondent. | C18-1360 TSZ <br><br> MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The motion to compel discovery, docket no. 157, filed by Intervenors Devas Multimedia America, Inc., Devas Employees Mauritius Private Limited, Telcom Devas Mauritius Limited, and CC/Devas (Mauritius) Ltd. (collectively, "Intervenors") is DENIED. Intervenors seek an order from this Court compelling Antrix Corp. Ltd. ("Antrix") to supplement its discovery responses with documents held by its alleged

MINUTE ORDER - 1

"alter egos," the Indian Space Research Organization ("ISRO"), NewSpace, and the Indian government. Pursuant to Federal Rule of Civil Procedure 34(a)(1), a party must produce responsive documents within its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Production of documents possessed by related non-parties is appropriate if the party to the litigation has custody or control of the documents. *See In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999); *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989). "Control is defined as the legal right to obtain documents upon demand." *Int'l Union*, 870 F.2d at 1452. Intervenors argue that NewSpace is wholly owned by India and controlled by the ISRO. They contend that NewSpace is Antrix's replacement. Intervenors, however, have not shown that Antrix has actual control over any documents held by these non-parties.

(2) Antrix's cross-motion, docket no. 166, to stay post-judgment discovery is DENIED. Antrix argues that this Court has been divested of jurisdiction over further post-judgment discovery because it appealed the Court's Order, docket no. 149, allowing Intervenors to register the judgment in this action in the Eastern District of Virginia. "Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Nat. Res. Def. Council, Inc. v. S.W. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). A district court, however, retains jurisdiction to enforce the judgment absent a stay or supersedeas.[1] *In re Rains*, 428 F.3d 893, 904 (9th Cir. 2005). Here, the matter Antrix has appealed is the Court's decision permitting Intervenors to register the judgment in another district. The Court disagrees with Antrix's assertion that its appeal somehow divests the Court of jurisdiction over all post-judgment discovery. Further, Antrix has not demonstrated that a stay of post-judgment discovery is warranted at this time. Antrix argues that it will suffer irreparable harm if it is compelled to produce documents held by India or NewSpace, but the Court has denied Intervenors' motion, docket no. 157, to compel Antrix to produce documents held by these non-parties.

(3) Intervenors' motion to compel document production, docket no. 170, is GRANTED. Non-party Spaceflight, Inc. ("Spaceflight") shall produce documents pursuant to agreed-upon requests for production served pursuant to a subpoena, notwithstanding confidentiality provisions in Spaceflight's agreements with Antrix.

(4) Intervenors' motion to compel a Rule 30(b)(6) deposition of Antrix, docket no. 172, and Antrix's cross-motion for a protective order, docket no. 177, are GRANTED in part and DENIED in part, as follows:

    a. The Court previously ordered Antrix to comply with any notices of deposition. *See* Order (docket no. 133). On February 15, 2022, Intervenors served on Antrix an amended notice of deposition. *See* Ex. 1 to Champion Decl. (docket no. 173-1). Antrix objects to holding the deposition in Seattle and contends that

---

[1] Antrix has not satisfied the judgment or posted a supersedeas bond.

MINUTE ORDER - 2

the deposition should take place in India pursuant to the Hague Convention on the Taking of Evidence Abroad ("Hague Convention"). Intervenors argue that the deposition should take place pursuant to the Federal Rules of Civil Procedure in Seattle or another mutually agreeable location within the United States. When determining where the deposition of a corporate agent should take place, the general presumption is that the deposition will occur at the corporation's principal place of business. *See Louis Vuitton Malletier, S.A., v. Akanoc Sols., Inc.*, No. C07-03952, 2008 WL 1766758, at *1 (N.D. Cal. Apr. 15, 2008). In this case, it is undisputed that Antrix's principal place of business is in India. The presumption that the deposition should take place in India, however, is not conclusive. *See id.* The Court may also consider factors such as the location of counsel for both parties, the number of corporate agents to be deposed, whether the deponent travels regularly for business purposes, the resolution of discovery disputes by the forum court, and the nature of the claim and the relationship of the parties. *See id.* Here, it is undisputed that local counsel are located in Seattle and national counsel are in New York. Given the ongoing discovery disputes in this action, holding the deposition in the United States would promote judicial economy in the event that any disputes arise during the deposition. The Court concludes that a majority of the relevant factors weigh in favor of holding the deposition in the United States. The Court also concludes that the deposition will be conducted pursuant to the Federal Rules of Civil Procedure.[2] Therefore, Intervenors' motion to compel a Rule 30(b)(6) deposition of Antrix is GRANTED in part. Within sixty (60) days of this Minute Order, Antrix shall designate a representative and produce that representative for deposition in Seattle, Washington, at the noticed address in accordance with Rule 30(b)(6), or at another location within the United States as agreed by the parties. Antrix's motion for a protective order is DENIED as it relates to the location of the deposition.

      b.     Antrix's motion for a protective order is GRANTED to the extent Intervenors seek to compel Antrix to provide a witness who is prepared to testify regarding documents and information in the hands of the Indian government or NewSpace. Antrix's request that the Court strike certain deposition topics is DENIED. The Court has reviewed the amended notice of deposition, *see* Ex. 1 to

---

[2] On July 6, 2021, Antrix filed a motion for a protective order, docket no. 115, with respect to Intervenors' interrogatories, requests for production, and a notice of deposition. In its prior motion, Antrix did not once reference the Hague Convention. Instead, Antrix challenged only Intervenors' ability to seek post-judgment discovery and the scope of their requests. Antrix now argues that the deposition should take place under the Hague Convention. But the Federal Rules of Civil Procedure and the Hague Convention are alternate means of obtaining discovery from foreign-national litigants, *see Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 533–46 (1987), and courts can compel foreign litigants to attend depositions in the United States, *see, e.g.*, *Goes Int'l v. Dodur Ltd.*, No. 14-cv-05666, 2017 WL 118807, at *2 (N.D. Cal. Jan. 12, 2017).

MINUTE ORDER - 3

Champion Decl. (docket no. 173-1), and concludes that the topics are within the scope of this Court's prior Order, docket no. 133.

        c.      Intervenors' request for attorneys' fees under Rule 37 is DENIED.

        d.      Except as GRANTED, all other requested relief is DENIED.

(5)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 18th day of May, 2022.

        Ravi Subramanian
        Clerk

        s/Gail Glass
        Deputy Clerk

MINUTE ORDER - 4